IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHNNY ANDREW MOORE,

    Petitioner,                  No. 2:12-cv-0596 GEB CKD P

    vs.

RON RACKLEY,[1]

    Respondents.             ORDER AND

_____/    FINDINGS AND RECOMMENDATIONS

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents have filed a motion to dismiss in which respondents argue, among other things, that this matter should be dismissed pursuant to 28 U.S.C. § 2244 because the habeas petition before the court, currently the first amended petition filed April 24, 2012, is "successive."

        Court records for case number 2:07-cv-1365 JAM EFB P reveal that petitioner previously filed a petition for a writ of habeas corpus in this court attacking the convictions and

/////

_____

[1] Ron Rackley, the warden at petitioner's current place of incarceration, is hereby substituted as the respondent in this action. See Fed. R. Civ. P. 25(d); Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).

1

sentences challenged in this case.  The previous petition was filed on July 11, 2007, and was dismissed as time-barred on March 26, 2009.  Petitioner did not appeal.

Before petitioner can proceed with the instant successive petition, he must obtain authorization from the Ninth Circuit Court of Appeals.  28 U.S.C. § 2244(b)(3); see Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005) (dismissal of habeas petition as time barred "constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under [28 U.S.C.§ 2244(b)])."  It does not appear petitioner has obtained the required authorization.  Therefore, petitioner's habeas petition must be dismissed without prejudice to its refiling upon obtaining the required authorization.  In light of the foregoing, the court does not reach the argument presented by respondents that claims presented in this action are also time-barred.

The court notes that on July 17, 2012, petitioner filed a second amended habeas petition without obtaining leave to do so.  Therefore, the court does not consider the petition.  However, the court notes that the claims in the second amended petition challenge the same convictions and sentences challenged in the first amended petition.  Therefore, the second amended petition is also "successive" under 28 U.S.C. § 2244.

Petitioner requests the appointment of counsel.  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does not find that the interests of justice would be served by the appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that petitioner's August 8, 2012 request for the appointment of counsel is denied.

/////

/////

IT IS HEREBY RECOMMENDED that:

1. Respondent's July 3, 2012 motion to dismiss be granted;

2. Petitioner's application for writ of habeas corpus be dismissed without prejudice; and

3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 14, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
moor0596.157